

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. F. Fetet
Secretary, Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2500
Re: Application of Article 4006, Revised
Civil Statutes, to wives, widows and
dependents of superannuated employees
of railroad companies.

We have your letter of April 26, 1940, in which you refer to the provisions of Article 4005 and Article 4006, Vernon's Annotated Civil Statutes, and particularly to the provisions of Article 4006, permitting the granting of free passes or free transportation to the following classes of persons:

"The actual bona fide employees of any such person or corporation, company, association, or the members of their families; persons actually employed on sleeping cars and express cars; newsboys employed on trains; railway mail service employees and their families; furloughed, pensioned, and superannuated employees; persons who have been disabled or who have become infirm in the service of any such corporation, company, association, or person; the remains of any person killed in the employment of a common carrier; members of the family of persons killed while in the service of any such common carrier; the family of any person who was, for a period of ten (10) years or more, an employee of such common carrier and who died while in the service of same;"

The question stated in your letter is as follows:

"The question arises as to whether railroad companies, under the statute, are privileged to furnish free transportation to wives, widows and dependents of superannuated employees or employees that are on pension and not actually employed by the railroad companies."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. F. Petet, Page 2

        An examination of the statutes shows that the
Legislature authorized the granting of free transportation
and free passes to furloughed, pensioned and superannuated
employees, but that the statute made no provisions for the
granting of free transportation or free passes to wives,
widows and dependents of such furloughed, pensioned or
superannuated employees.  In other instances the Legislature
specifically provided for the granting of passes or free
transportation to the wives, widows, and families of certain
named persons, and it is to be presumed that when the Legisla-
ture failed to make such provision for the wives, widows, or
families of superannuated employees, it intended that the
wives, widows and families of such persons should not receive free
transportation.

        A differentiation is made in the statute between
"actual bona fide employees" and "furloughed, pensioned, and
superannuated employees," the distinction apparently being
that persons who are actually performing work for the trans-
portation agency are "actual bona fide employees" whereas
"furloughed, pensioned, and superannuated employees" are
persons who have formerly worked for the agencies but who
are now receiving compensation solely as pensions, and not
as compensation for present work.

        In view of the provisions of the statute, it is
our opinion that the statute does not permit the granting
of free transportation or free passes to wives, widows and
dependents of superannuated employees or employees that are
on pensions and not actually employed by the railroad com-
panies.

                        Very truly yours

                        ATTORNEY GENERAL OF TEXAS

                        By James P. Hart
                            James P. Hart
                            Assistant

JFH:AMM

APPROVED
OPINION
COMMITTEE
BY RWF
CHAIRMAN

APPROVED MAY 20, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS